UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

ELWANDA PEARL RAY,

    Plaintiff,

v.

STATE OF MICHIGAN, DEPARTMENT OF CORRECTIONS, FREDEANE ARTIS, Warden,
JASON E. LAVIGNE, Acting Deputy Warden,
LORI FOUTY, Supervisor,
JONATHAN DENISON, Captain,
MARNEICE BROWNLEE, Lieutenant,
CHAD WILLIAMS, Deputy Warden,
GARY MAY, Corrections Officer,

    Defendants.

Case No. _____
Hon. _____

## COMPLAINT AND JURY DEMAND

Plaintiff, **Elwanda Pearl Ray**, through undersigned counsel, states the following for her Complaint against Defendants:

### I. JURISDICTION AND VENUE

1.    This is a civil action brought pursuant to **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000e *et seq.*, **42 U.S.C. § 1983**, and Michigan's **Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 et seq.**

2. This Court has **federal question jurisdiction** under 28 U.S.C. §§ 1331 and 1343(a)(3), and **supplemental jurisdiction** under 28 U.S.C. § 1367 for the state-law claims.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the acts and omissions giving rise to this action occurred within the Eastern District of Michigan, Southern Division.

## II. PARTIES

4. Plaintiff **Elwanda Pearl Ray** is an adult resident of Flint, Michigan, and at all times relevant was employed by the **Michigan Department of Corrections (MDOC)** at the **Thumb Correctional Facility (TCF)** in Lapeer, Michigan.

5. Defendant **State of Michigan, Department of Corrections (MDOC)** is a governmental entity and employer within the meaning of Title VII and the ELCRA.

6. Defendants **Fredeane Artis, Jason E. Lavigne, Lori Fouty, Jonathan Denison, Marneice Brownlee, Chad Williams,** and **Gary May** were, at all relevant times, supervisory or co-worker employees of MDOC acting under color of state law within the scope of their employment.

## III. ADMINISTRATIVE PREREQUISITES

7. Plaintiff timely filed a **Charge of Discrimination (Charge No. 471-2025-04095)** with the **U.S. Equal Employment Opportunity Commission (EEOC)** alleging discrimination and retaliation.

8. On **July 31, 2025**, the EEOC issued a **Right to Sue Letter**, advising that Plaintiff had 90 days to file suit in federal or state court.

9. This Complaint is filed within the 90-day period prescribed by the EEOC's Notice of Rights.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff began employment with MDOC and served with distinction as a **Corrections Officer** at the Thumb Correctional Facility.

11. Plaintiff was subjected to **harassment and discriminatory treatment** by supervisory staff, including **Lt. Marneice Brownlee**, who abused her authority, imposed unwarranted mandates, and publicly questioned Plaintiff's medical accommodations and credibility.

12. On or about **May 22–23, 2025**, Plaintiff complained to MDOC leadership, including **Deputy Warden Jason Lavigne, Warden Fredeane Artis**, and **Deputy Chad Williams**, that she was being harassed and targeted. She requested preservation of body-camera footage documenting the harassment.

13. On **May 30, 2025**, Plaintiff informed Warden Artis's secretary **Candace Kelts** that she was resigning her role as *Discriminatory Harassment Counselor* due

to persistent discrimination and retaliation ignored by supervisors, including **Brownlee, McDonald, and Chad Williams**.

14. In **June 2025**, Plaintiff was subjected to humiliating and improper disciplinary actions coordinated by **Captain Jonathan Denison** and **Supervisor Lori Fouty**, who bypassed Human Resources procedures. Plaintiff expressed confusion and distress at this breach of confidentiality, yet no corrective action was taken.

15. Following receipt of the EEOC **Right to Sue Letter** on **July 31, 2025**, retaliatory conduct intensified.

16. In **October 2025, Warden Fredeane Artis** and **Acting Deputy Warden Jason Lavigne** removed Plaintiff from the *Recruitment Team*, citing past discipline. However, emails show **Officer Gary May** knew of the removal before any formal notice—confirming improper disclosure of confidential EEOC-related information.

17. Plaintiff's concerns were referred to **Natalie Farnsworth** on **October 20, 2025**, but no remedial action occurred. Instead, retaliation and exclusion persisted.

18. Plaintiff suffered **severe emotional distress, anxiety, humiliation, and mental anguish** due to this pattern of discrimination, retaliation, and hostile treatment.

## V. CLAIMS FOR RELIEF

## COUNT I – RETALIATION (Title VII, 42 U.S.C. § 2000e-3(a))

19. Plaintiff re-alleges preceding paragraphs.

20. Plaintiff engaged in **protected activity** by reporting discriminatory conduct and filing an EEOC charge.

21. Defendants, acting individually and collectively, retaliated by issuing baseless discipline, reassigning and excluding Plaintiff, leaking confidential EEOC information, and fostering a hostile work environment.

22. The retaliatory acts were materially adverse and would dissuade a reasonable person from engaging in protected activity.

23. As a result, Plaintiff suffered emotional distress, loss of income, and damage to her professional reputation.

## COUNT II – HOSTILE WORK ENVIRONMENT AND DISCRIMINATION (Title VII)

24. Plaintiff was subjected to unwelcome harassment by **Brownlee** and **Fouty**, and others, creating a pervasive hostile environment.

25. The conduct included differential treatment, intimidation, and retaliatory scrutiny that interfered with her ability to perform her job.

26. MDOC knew or should have known of the harassment and failed to take prompt corrective action.

## COUNT III – RETALIATION AND DISCRIMINATION (Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.)

27. Plaintiff re-alleges the preceding paragraphs.

28. Defendants' actions violated Michigan's ELCRA by subjecting Plaintiff to adverse employment actions and retaliation for opposing discrimination.

## COUNT IV – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (42 U.S.C. § 1983)

29. Defendants acted under color of state law to deprive Plaintiff of rights secured by the **Fourteenth Amendment** (equal protection) and **First Amendment** (freedom to petition and speak against misconduct).

30. The pattern of retaliation and selective discipline constituted unlawful state action in violation of § 1983.

## VI. DAMAGES

Plaintiff requests the following relief:

A. Compensatory damages for emotional pain, suffering, humiliation, and loss of reputation;

B. Back pay and front pay;

C. Punitive damages against individual defendants;

D. Equitable relief including reinstatement and expungement of discipline;

E. Costs and reasonable attorney fees under 42 U.S.C. § 1988; and

F. Any further relief the Court deems just and proper.

Dated: October 21, 2025

Respectfully submitted:

WEBSTER LAW OFFICE, PLLC

/s/ Dionne E. Webster-Cox
Dionne E. Webster-Cox (P70422)
24100 Southfield Road, Ste. 100
Southfield, MI 48075
734-214-2444 / 734-943-6069 fax
dewc@websterlawofficepllc.com
prelit@websterlawofficepllc.com

## VERIFIED STATEMENT OF ELWANDA PEARL RAY

I, **Elwanda Pearl Ray**, being duly sworn (or affirming under penalty of perjury pursuant to 28 U.S.C. § 1746), hereby state as follows:

1. I am the Plaintiff in this matter and make this declaration based on my personal knowledge.

2. I have reviewed the foregoing **Complaint** and I verify that the factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

3. The incidents described—including discriminatory and retaliatory conduct by the named defendants, the EEOC charge (No. 471-2025-04095), and the subsequent Right-to-Sue Letter issued on **July 31, 2025**—accurately reflect

my experiences while employed with the Michigan Department of Corrections at the Thumb Correctional Facility.

4. I have suffered continuing emotional distress, humiliation, anxiety, and professional harm as a result of the defendants' actions, and I swear or affirm that these statements are made in good faith and without intent to mislead.

**Executed under Penalty of Perjury**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 10/21, 2025

**At:** Southfield (Michigan)

**Signature:** Elwanda Pearl Ray
ELWANDA PEARL RAY