UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELWANDA PEARL RAY,<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Case No. 25-cv-13395<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**
**REGARDING DISCOVERY DOCUMENTS**

This matter, having come before the Court on the stipulation of the parties for a Protective Order, the Court directs the following documents produced by the parties to this litigation—either voluntarily or pursuant to Court Order—are subject to the conditions listed below:

a. Personnel files of current or former state employees, including documents defined as personnel records by the Bullard Plawecki Employee Right to Know Act, MCL 423.501 et seq.;
b. Disciplinary records of current and former state employees;
c. Internal affairs files and any investigatory materials referenced therein such as IA reports and witness interview statements;
d. Medical and mental health records; and
e. Prisoner records, photographs, or any accompanying

audio/video surveillance.

The parties agree good cause exists for the protection of confidential information contained in the above-referenced documents, which may be sought and exchanged between the parties during the course of discovery. Accordingly, production of the above documents is subject to the following conditions:

1. All documents are limited to use in the above-captioned case currently pending in the United States District Court for the Eastern District of Michigan before the Hon. Robert J. White and Mag. Judge Kimberly G. Altman.

2. All documents that fall within the protected categories above are to be designated "Confidential" as they are produced. Upon receiving such notice, a party will: (1) treat the material as so designated; and (2) if not already marked, place the appropriate designation of "Confidential" on the material. If a document is inadvertently produced that should have been designated, and treated as "Confidential," the disclosing party will provide the other party notice of same as soon as possible. Upon notification, the parties will treat the document as "Confidential" and subject to the terms of this Protective Order.

3. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or

order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). No party can file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant must submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed must be electronically filed.

4. Any party, other than the Designating Party, that anticipates filing any material that has been designated as "Confidential" must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of "Confidential" information under seal, in a good faith attempt to

reach an agreement regarding whether the "Confidential" information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 3 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph 3 and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

5. This stipulated order is intended solely to protect the confidentiality of the information and to facilitate the preparation and trial of the action and must not be construed in any way as an admission or agreement by any party that the designated disclosure actually constitutes or contains any privileged, confidential, or proprietary information under applicable law. Moreover, nothing contained in this Protective Order shall be deemed a waiver of the right to object to a request for discovery. Finally, disclosure of all or part of a document subject to this Protective Order does not act as a waiver of any exemption, affirmative defense, or legal argument against disclosure that may be raised by any party.

6. Subject to the rules of evidence, documents marked only confidential, and the content thereof, may be offered in evidence at trial and may be filed with the Court in the above-captioned case, subject to any

applicable Scheduling Conference Order or Pretrial Order. Any party may move the Court for an order that the documents are to be examined only in camera or under other conditions that prevent unnecessary disclosure. On examination, the Court may determine what protection, if any, will be afforded the material at trial or hearing.

7. Any party to this action may request, and the opposing party may agree, that the provisions of this stipulation be waived for one or more of the confidential documents. Any such waiver must be in writing, must be signed by counsel, and must be limited to the particular document(s) specifically identified in such written waiver.

8. This Protective Order, insofar as it restricts the disclosure and use of a document, continues to be binding throughout and until the conclusion of this action, including all appeals. At the conclusion of this action, including all appeals, all "Confidential" documents disclosed to Plaintiff during this litigation, including copies, must promptly be returned to defense counsel or destroyed, upon request of Defendants, except where otherwise provided by state or federal law.

9. The violation of any provision of this Protective Order may be deemed contempt of court, and the Court may impose appropriate sanctions in the event of violation of this Protective Order.

This matter having come before this Court pursuant to the stipulation of the parties, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that this Protective Order shall govern the handling of all confidential documents in this matter that fall within the protected categories as set forth above.

IT IS FURTHER ORDERED that the restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court.

IT IS FURTHER ORDERED that this is not a final order and does not close this case.

SO ORDERED.

Dated: November 16, 2026

s/Robert J. White
Robert J. White
United States District Judge

**STIPULATED TO:**

*/s/Dionne Webster-Cox (with permission)*
Dionne Webster-Cox (P70422)
Attorney for Plaintiff
Webster Law Office, PLLC
24100 Southfield Road, Ste 100
Southfield, MI 48075
(734) 215-2444

Dated: 11/05/2026

*/s/ Lindsey E. Andrzejewski*
Lindsey E. Andrzejewski (P84734)
Michigan Dept of Atty General
Attorney for Defendants
Michigan Dept of Atty General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Dated: 11/05/2026